UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| GAIL A. MARTIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO. 1:18-cv-00033-SLC |
| ) | |
| COMMISSIONER OF SOCIAL ) | |
| SECURITY, *sued as Andrew M. Saul,* ) | |
| *Commissioner of Social Security,*[1] ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

Before the Court is a Motion of Award of Attorney's Fees Pursuant to the Equal Justice Access to Justice Act 28 U.S.C. Section 2412 (ECF 32), and two supplemental motions (ECF 37, 42), filed by Plaintiff Gail Martin. The Commissioner of Social Security (the "Commissioner") has filed a response to Plaintiff's initial motion (ECF 35) and most recent supplemental motion (ECF 44). For the following reasons, Plaintiff's EAJA fee requests (ECF 32, 37, 42) will be GRANTED IN PART, as the fees will be reduced.

## I. BACKGROUND

Martin initiated this matter on February 8, 2018, appealing to the district court from a final decision of the Commissioner denying her application under the Social Security Act for disability insurance benefits. (ECF 1). Martin's complaint and subsequent briefings were filed by and through her attorney, Joseph Shull. (*See* ECF 1, 16, 22). In her opening brief, Martin

---

[1] Andrew M. Saul is now the Commissioner of Social Security, *see*, *e.g.*, *Saunders v. Saul*, 777 F. App'x 821 (7th Cir. 2019); *Michael T. v. Saul*, No. 19 CV 1519, 2019 WL 3302215, at *1 n.2 (N.D. Ill. July 23, 2019), and thus, he is automatically substituted for Nancy A. Berryhill in this case, *see* Fed. R. Civ. P. 25(d).

contended that the second ALJ[2] to review her application: (1) failed to fully incorporate her mental limitations in the residual functional capacity ("RFC") determination; (2) improperly evaluated the medical opinions of her mental health counselor, the non-examining state agency physicians, and an examining state agency physician; (3) failed to incorporate her moderate limitations in concentration, persistence, or pace in the RFC determination; and (4) erred in deviating from the first ALJ's findings under the "law of the case" doctrine.[3] (ECF 16; *see also* ECF 41 at 2). On March 22, 2019, this Court issued an Opinion and Order affirming the Commissioner's decision. (ECF 23). Martin subsequently appealed the Court's decision to the Seventh Circuit Court of Appeals. (ECF 26). For the appeal, Martin was represented by a separate attorney—Attorney Randal Forbes (ECF 25)—who advanced the same arguments raised by Attorney Shull at the district court level with the exception of the argument regarding Martin's mental health counselor's opinion. (ECF 35 at 3-4; ECF 31).

On February 7, 2020, the Seventh Circuit reversed this Court's Opinion and Order affirming the Commissioner's decision and remanded the matter with an instruction to award Martin benefits. *Martin v. Saul*, 950 F.3d 369 (7th Cir. 2020); (*see also* ECF 31). On May 7, 2020, Attorney Shull, on behalf of Martin, filed a motion seeking an award of attorney fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412 (ECF 32), along with a supporting memorandum (ECF 33) and affidavit (ECF 34), requesting $19,796.00 in attorney fees for 98 hours of work performed by him at the district court level. The Commissioner filed a response asserting that the fee request should be denied because his position opposing Martin's

---

[2] An ALJ had previously reviewed and denied Martin's application for benefits. Martin then appealed that decision to the district court, and the matter was remanded back to the administrative level. The present litigation stems from the second ALJ's decision denying Martin benefits.

[3] "The doctrine of law of the case is a rule of practice under which '... a decision on an issue of law made at one stage of a case becomes a binding precedent to be followed in successive stages of the same litigation.'" *Roboserve, Inc. v. Kato Kagaku Co.*, 121 F.3d 1027, 1031 (7th Cir. 1997) (citation omitted).

award of benefits was substantially justified, or in the alternative, that Attorney Shull's request should be reduced. (ECF 35). On May 31, 2020, and June 18, 2020, respectively, Attorney Shull filed supplemental requests for attorney fees, eventually requesting a total of $34,511.70 for 170.85 hours of work litigating both Martin's social security appeal and the request for EAJA fees. (ECF 37, 42). The Commissioner filed a separate response (ECF 44), again opposing Attorney Shull's request for fees, asserting that the request should be denied, or in the alternative, any fees should be reduced. It also should be noted that Attorney Forbes filed a separate request for fees pursuant to the EAJA (ECF 39), and the parties subsequently stipulated to a fee award of $14,198.00 for 72.4 hours of attorney work plus 2.2 hours of paralegal work (ECF 40).

## II.  LEGAL STANDARD

Under the EAJA, "[e]xcept as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified . . . ." 28 U.S.C. § 2412(d)(1)(A). The substantial justification standard requires that the Commissioner show that its position was grounded in "(1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory propounded; and (3) a reasonable connection between the facts alleged and the legal theory propounded." *Conrad v. Barnhart*, 434 F.3d 987, 990 (7th Cir. 2006); *see also Cunningham v. Barnhart*, 440 F.3d 862, 864 (7th Cir. 2006); *Golembiewski v. Barnhart*, 382 F.3d 721, 724 (7th Cir. 2004). The Commissioner bears the burden of establishing that its position was substantially justified. *Cunningham*, 440 F.3d at 863; *Golembiewski*, 382 F.3d at 724.

3

"[T]he Supreme Court has entrusted the question whether the [C]ommissioner's position is substantially justified to the discretion of the district court, in no small part because the analysis is not susceptible to a firm rule or even a 'useful generalization.'" *Bassett v. Astrue*, 641 F.3d 857, 859 (7th Cir. 2011) (citing *Pierce v. Underwood*, 487 U.S. 552, 561-62 (1988)).  In fact, "[t]he [C]ommissioner's position may be substantially justified even if it turns out to be completely wrong." *Id.* (citing *Jackson v. Chater*, 94 F.3d 274, 278 (7th Cir. 1996)); *see also Pierce*, 487 U.S. at 565-66 (finding that the phrase "substantially justified" meant "justified to a degree that could satisfy a reasonable person").

"For example, the ALJ's opinion might offer merely a 'cursory and inadequate' analysis of an important point, but that shortcoming alone usually will not be enough to poison the opinion—or the [C]ommissioner's defense of the opinion." *Bassett*, 641 F.3d at 859 (citing *United States v. Thouvenot, Wade & Moerschen, Inc.*, 596 F.3d 378, 387 (7th Cir. 2010)).  "That is because the requirement that the ALJ must articulate an assessment of the evidence is deliberately flexible, so the ALJ's failure to connect all the dots in the analysis—and the [C]ommissioner's defense of those gaps in the ALJ's reasoning—is likely to be grounded in a reasonable, albeit erroneous, interpretation of the facts and law." *Id*. (citations and internal quotation marks omitted).  "Indeed it typically takes something more egregious than just a run-of-the-mill error in articulation to make the [C]ommissioner's position unjustified—something like the ALJ's ignoring or mischaracterizing a significant body of evidence, or the [C]ommissioner's defending the ALJ's opinion on a forbidden basis." *Id*. (citing *Golembiewski*, 382 F.3d at 724).  "Strong language against the government's position in an opinion discussing the merits of a key issue is evidence in support of an award of EAJA fees." *Golembiewski*, 382 F.3d at 724.

4

In making a determination of substantial justification, EAJA fees may be awarded if either the Commissioner's pre-litigation conduct or its litigation position was not substantially justified.  28 U.S.C. § 2412(d)(2)(D); *Cunningham*, 440 F.3d at 863; *Golembiewski*, 382 F.3d at 724.  However, the Court must "make only one determination for the entire civil action." *Golembiewski*, 382 F.3d at 724.  In other words, the Court must make a "global assessment" to determine whether the Commissioner was "substantially justified in continuing to push forward at each stage."  *United States v. Hallmark Constr. Co.*, 200 F.3d 1076, 1081 (7th Cir. 2000).

### III.  ANALYSIS

*1. The Commissioner's Position Was Not Substantially Justified*

The Commissioner contends that the Agency's position defending this matter was substantially justified, noting in part that the Seventh Circuit ultimately accepted its arguments regarding Martin's mental RFC and did not fully address her "rule of the case argument." (ECF 35 at 4-5 (citing *Martin*, 950 F.3d at 374-75)).  Indeed, the Appellate Court did note that the second ALJ "did not take any of the shortcuts on Martin's [concentration, persistence, or pace] limitations that we have found problematic in other cases." *Martin*, 950 F.3d at 374.  Similarly, it recognized the application of the rule of the case doctrine was "complex and underdeveloped" in this area and "[left] the issue for another day." *Id.* at 375.

The Seventh Circuit, however, ultimately concluded that the second ALJ's determination that Martin could perform physical work at all exertional levels found "nowhere close to substantial support in the record." *Id.*  More specifically, the Court of Appeals determined that, in crediting the opinion of Dr. David Ringel, an examining state agency doctor, the ALJ ignored medical evidence supporting Martin's claims of debilitating neck and back problems. *Id.* at 376.  The Commissioner, however, asserts that there was ample caselaw which supported the second

5

ALJ's decision to credit the opinions of other medical sources, over the opinion of Dr. Ringel. (ECF 35 at 5-6). Similarly, the Commissioner contends the Seventh Circuit's decision to award benefits without another remand was "due to a mechanical application of Plaintiff's age, education, previous work experience, and physical limitations to the Commissioner's grid rules." (*Id.* at 8 (citing *Martin*, 950 F.3d at 377)).

While the Commissioner is correct that the Seventh Circuit did not find against him in regard to Martin's mental RFC and the rule of the case argument, the Court cannot analyze each argument piecemeal, but must "make only one determination for the entire civil action." *Golembiewski*, 382 F.3d at 724; *see also Lane v. Apfel*, No. 99 C 2640, 2001 WL 521835, at *3 n.6 (N.D. Ill. May 16, 2001) (emphasizing that a court must not count arguments, but instead focus on the "totality of the circumstances" when considering whether the Commissioner's position was substantially justified). "In general, . . . if the case for remand is strong and clear-cut, *Golembiewski* teaches that it will probably be an abuse of discretion to deny fees. If the case for remand is closer, and especially if it is focused primarily on an inadequate explanation of what might be a reasonable decision, *Cunningham* teaches that it will probably not be an abuse of discretion to deny fees." *Purvis v. Barnhart*, No. 1:04-cv-2124 DFH VSS, 2006 WL 3354518, at *2 (S.D. Ind. Nov. 16, 2006). Having reviewed the Appellate Court's opinion, the Court cannot say that the Commissioner's position, at least as to Martin's physical limitations, was substantially justified. *See Bates v. Colvin*, No. 2:11CV361, 2014 WL 2694198, at *1 (N.D. Ind. June 13, 2014) ("When the Commissioner's decision is reversed by the Court of Appeals the focus of the EAJA review should be on the decision handed down by the Court of Appeals." (citations omitted)).

As already mentioned, the Seventh Circuit concluded that the second ALJ's

determination found "nowhere close to substantial support in the record." *Martin*, 950 F.3d at 375. This is certainly "strong language," *Golembiewski*, 382 F.3d at 724, which suggests the ALJ's mistaken reasoning was "more egregious than just a run-of-the-mill error in articulation," *Bassett*, 641 F.3d at 860. Further, the Court of Appeals found that "the second ALJ altogether ignored [medical evidence] making plain that Martin had serious neck and back problems." *Martin*, 950 F.3d at 375. It is hard to see how this finding is not equivalent to "something like the ALJ ignoring or mischaracterizing a significant body of evidence." *Bassett*, 641 F.3d at 860; *see also Villano v. Astrue*, No. 2:07 CV 187, 2009 WL 1803131, at *3 (N.D. Ind. June 23, 2009) (finding the Commissioner's position was not substantially justified where "[d]escribing the ALJ's analysis as 'cursory,' the Seventh Circuit's critique highlighted the lack of connection between the facts and legal conclusions"). Still more, by finding that the second ALJ's decision lacked "substantial support," the Appellate Court suggested that "in light of all the evidence, reasonable minds could [not] differ concerning whether [Martin] is disabled." *Books v. Chater*, 91 F.3d 972, 978 (7th Cir. 1996). Thus, it would be inconsistent to say the Commissioner's position was "justified to a degree that could satisfy a reasonable person." *Pierce*, 487 U.S. at 565-66. Finally, the Court notes that the Commissioner's claim that his position was substantially justified as to Attorney Shull is belied by the fact that he stipulated to an award of EAJA fees to Attorney Forbes, who raised essentially the same arguments as Attorney Shull on remand. (*See* ECF 39, 40).

In summary, the Court finds that the Commissioner's position was not substantially justified. Accordingly, Martin's request for EAJA fees should be granted, at least in part. The Court will now turn to whether the requested fees are reasonable.

*2.  Attorney Shull's Fee Request Will be Reduced*

As mentioned, Attorney Shull filed a motion and two supplements, eventually requesting a total of $34,511.70, or an hourly fee of $202.00 for 170.85 hours of work.  (ECF 42; *see also* ECF 32, 37).  Attorney Shull reports that he performed 121.65 hours of work litigating Martin's social security appeal (ECF 32 at 1; *see also* ECF 33, 37, 38), and 49.20 hours litigating the EAJA request (ECF 42, 43).  The Commissioner primarily contends that Martin's request should be reduced because the amount of time billed by Attorney Shull was unreasonable.  (ECF 35 at 8-11; ECF 44).  More specifically, "[g]iven the small number of medical records, the lack of complexity of most of the issues, and counsel's experience, the Commissioner contends that this case could have been, and should have been, billed within the standard number of hours, and capped at 60 hours for district court work."  (ECF 35 at 11).

The EAJA "does not authorize an award of the prevailing hourly rate, as such, unless it is less than $125 an hour.  For that matter it doesn't authorize an award of $125 per hour, or even $125 plus inflation."  *Matthews-Sheets v. Astrue*, 653 F.3d 560, 563 (7th Cir. 2011) (citations omitted), *overruled on other grounds by Sprinkle v. Colvin*, 777 F.3d 421 (7th Cir. 2015).  "The $125 rate is a presumptive ceiling; to justify a higher rate the plaintiff must point to inflation or some other special factor."  *Id.* (citations omitted); *see* 28 U.S.C. § 2412(d)(2)(A)(ii) ("[A]ttorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.").  "The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed."  *Scott v. Astrue*, No. 08 C 5882, 2012 WL 527523, at *5 (N.D. Ill. Feb. 16, 2012) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).

8

Martin, as the fee applicant, has the burden of proving that the EAJA fees sought are reasonable. *See* 28 U.S.C. § 2412(d)(1)(B); *Hensley*, 461 U.S. at 437. Factors the Court should consider in evaluating the reasonableness of a fee request are:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Hensley*, 461 U.S. at 430 n.3.

In addition, "[h]ours that are not properly billed to one's *client* are also not properly billed to one's *adversary* pursuant to statutory authority." *Id.* at 434 (emphasis in original; internal quotation marks and citation omitted). "As a result, the prevailing party should make a good-faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." *Davenport v. Astrue*, No. 2:07-CV-0064-PRC, 2008 WL 2691115, at *7 (N.D. Ind. July 3, 2008) (citing *Hensley*, 461 U.S. at 434). "The amount of a fee award is left to the discretion of the district court because of its 'superior understanding of the litigation and the desirability of avoiding frequent appellate review of what essentially are factual matters.'" *Id*. (quoting *Hensley*, 461 U.S. at 437).

Here, Martin asserts that Attorney Shull's hourly fee of $202 per hour is a justified cost of living increase, as calculated using the "All Urban" index provided by the Bureau of Labor Statistics. (ECF 33 at 3). The Commissioner does not specifically take issue with the cost of living increase or the method used to reach it. (*See* ECF 35, 44). Further, Attorney Shull has consistently, and successfully, utilized the "All Urban" index to compute the cost of living

9

increase for his EAJA fees before this Court in the past. *See Hawkins v. Saul*, No. 1:18-CV-83-JPK, 2019 WL 6769277, at *2 (N.D. Ind. Dec. 12, 2019); *Hudnall v. Astrue*, No. 1:11-CV-101, 2012 WL 2504883, at *2 (N.D. Ind. June 28, 2012); *Hamrick v. Astrue*, No. 1:09-CV-179, 2010 WL 3862464, at *4 (N.D. Ind. Sept. 27, 2010); *see also Koschnitzke v. Barnhart*, 293 F. Supp. 2d 943, 953 (E.D. Wis. 2003) (stating that the Consumer Price Index is an acceptable source for calculating an increase in the cost of living, which should be calculated from 1996, when the maximum rate of $125 was set, to the date the work was performed). Accordingly, Martin has met her burden of establishing that a cost-of-living adjustment justifies an hourly rate higher than $125 per hour. As such, the Court will turn to the meat of the Commissioner's argument—whether the number of hours billed by Attorney Shull were reasonably expended.

Turning first to the 49.20 hours Attorney Shull billed for his work preparing his EAJA reply brief (ECF 42, 43), the Court notes that a request for time spent preparing a reply brief "is allowed under the EAJA," *Bates v. Colvin*, No. 2:11CV361, 2014 WL 2694198, at *4 (N.D. Ind. June 13, 2014) (citing *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 161-64 (1990)). The amount of hours billed, however, appears excessive. In *Bates*, for example, the plaintiff only requested "$758.00 for the 4.1 hours spent drafting the EAJA reply brief, at a rate of $184.88 per hour." *Id.* Other courts have found similar amounts of time—usually less than 10 hours—reasonable while awarding fees for time spent preparing an EAJA reply brief. *See, e.g., Jensen v. Berryhill*, 343 F. Supp. 3d 860, 867 (E.D. Wis. 2018) (approving fees for 6.3 hours spent preparing a 15-page EAJA reply); *Ruiz v. Colvin*, 2:14-CV-69-JEM, 2016 WL 2908287, at *4 (N.D. Ind. May 18, 2016) (approving fees for 1.7 hours spent preparing an EAJA reply); *Verlee v. Colvin*, No. 1:12-CV-45-TLS, 2013 WL 6063243, at *10 n.3 (N.D. Ind. Nov. 18, 2013) (finding "13.2 hours spent defending the fee application" reasonable); *Salaam v. Astrue*, No. 08-C-0238, 2009 WL

382747, at *2 (E.D. Wis. Feb. 10, 2009) (approving fees for 5.6 hours spent preparing a EAJA reply); *Wirth v. Barnhart*, 325 F. Supp. 2d 911, 918 (E.D. Wis. 2004) (approving fees for 5.8 hours spent preparing a EAJA reply); *Samuel v. Barnhart,* 316 F. Supp. 2d 768, 783 n.6 (E.D. Wis. 2004) (approving fees for 5 hours spent preparing a EAJA reply).  On the other hand, courts often have found requests for fees for less hours than requested here were unreasonable.  *See, e.g., Buis v. Colvin*, No. 1:13-CV-00878-RLY-MJD, 2015 WL 6393937, at *8 (S.D. Ind. Oct. 22, 2015) (reducing a fee request for 47.05 hours for work associated with a EAJA reply brief to 20 hours); *Chambers v. Astrue*, No. 1:10-cv-01239-TWP, 2013 WL 2149701, at *3 (S.D. Ind. May 16, 2013) (finding 20.70 hours spent on a EAJA reply brief unreasonable).  Additionally, this is not the first time Attorney Shull has had to file a reply in support of an EAJA position, and many of the arguments he advances now were advanced in the past.  *See, e.g., Hawkins*, 2019 WL 6769277; *Bishop v. Berryhill*, No. 1:17-CV-363-PRC, 2018 WL 5129484 (N.D. Ind. Oct. 22, 2018).  Still more, Martin does not point to any special circumstance justifying such a large request in her supplemental motion and its accompanying affidavit.  (ECF 42, 43).  Accordingly, Martin has not established that her request for fees for 49.20 hours of work is reasonable.  Instead, reducing the request by half, for a total 24.60 hours, adequately compensates Attorney Shull for the work performed defending the fee request.

Turning next to Martin's request for fees for the 121.65 hours Attorney Shull spent litigating her case before the Court, again the request is well above the amount of time typically considered reasonable in social security cases.  *See, e.g.*, *Bryan v. Astrue*, No. 08 C 5472, 2010 WL 438384, at *3-4 (N.D. Ill. Feb. 8, 2010) (collecting cases where fees were awarded for between 53.5 to 61.1 hours of work); *Snider v. Astrue*, No. 1:08-CV-53, 2009 WL 1766925, at *5 n.3 (N.D. Ind. June 23, 2009) (concluding that 54.50 hours of work on appeal was reasonable

11

and in line with other Social Security cases in the circuit); *Dominguese v. Barnhart*, No. 99-C-0596, 2002 WL 32318281, at *6 (E.D. Wis. July 12, 2002) (collecting cases where fee awards from 53.5 to 66.95 hours of work in a Social Security appeal were considered reasonable).

There are some factors which weigh in favor of Martin's request. For example, the administrative record in this case was significantly longer than average—totaling 1146 pages. (ECF 8); *see Bishop*, 2018 WL 5129484, at *2 ("The Commissioner also notes that the record was 840 pages long, contending that this is slightly above average based on the Commissioner's calculation of the average record in the Northern and Southern Districts of Indiana as 798 pages long."); *Mandrell v. Astrue*, No. 06-cv-612-JPG, 2008 WL 2704894, at *3 (S.D. Ill. July 9, 2008) ("The Commissioner acknowledges, however, that the administrative record in this case was larger than average, 820 pages.").

That being said, further consideration of the *Hensley* factors suggests that Attorney Shull's request is unreasonable. While Martin's "law of the case" argument was certainly novel and difficult, *see Martin*, 950 F.3d at 374-75 (noting that "the operation of the doctrine in this area is complex and undeveloped"), the Seventh Circuit ultimately passed on the issue, *id*. Further, the Appellate Court found that Martin's argument regarding her concentration, persistence, or pace was unpersuasive. *Id.* at 374. The fact that Attorney Shull spent 54.4 hours working on these two arguments alone suggests that he did not reasonably allocate his time. (ECF 41 at 7); s*ee Verlee*, 2013 WL 6063243, at *9 ("But three of Verlee's arguments ultimately had little merit, suggesting that counsel perhaps spent too much time pursuing unnecessarily complex arguments."); *United States ex rel. Salazar v. Liebach*, No. 01 C 1557, 2002 WL 31253890, at *19 (N.D. Ill. Oct. 4, 2002 ("[T]he hallmark of effective appellate advocacy is to winnow out weaker arguments on appeal and focus on the issues more likely to prevail.").

Martin's successful arguments also do not appear to warrant a significant expenditure of time. Indeed, the fact that an ALJ cannot ignore contrary lines of evidence, or impermissibly "cherry-pick" evidence in support of his decision, has been long established. *See Denton v. Astrue*, 596 F.3d 419, 425 (7th Cir. 2010); *Terry v. Astrue*, 580 F.3d 471, 477 (7th Cir. 2009). Similarly, the Court agrees with the Commissioner that Martin's argument for a direct award of benefits, rather than simply another remand, is not particularly difficult. (ECF 35 at 8). Rather, as the Seventh Circuit explained, such an award of benefits is mandated whenever a claimant of Martin's age, education, or work experience is limited to light or sedentary work. *Martin*, 950 F.3d at 376, 377 (citing 20 C.F.R. § 404, Subpt. P, App'x 2 §§ 201.06, 202.06)). Further, as he admits, Attorney Shull has extensive experience in this field, and is well-versed in Social Security caselaw. (ECF 32-1). As such, there is nothing to suggest, other than the novelty of some of the issues presented and the length of the administrative record, that Attorney Shull would need greater time to work on this case than average.

"The Court recognizes that all cases will vary, and that a perfect comparison between the hours expended on one matter versus another is impossible." *Hawkins*, 2019 WL 6769277, at *5. However, the Court cannot say that Martin has met her burden of showing that Attorney Shull's request is reasonable. Considering the length of the administrative record at issue, the complexity of the issues raised, and counsel's experience, the Court concludes that Martin's initial request for fees should be reduced by 30 hours, for a total of 91.65 hours. As already discussed, this is still well above the average amount of time spent appealing a denial of benefits to the district court. Thus, with the 24.60 hours spent litigating the EAJA request, Martin is entitled to an award for a total of 116.25 hours work. At a rate of $202.00 per hour, this results in a total award of $23,482.50.

## V.  CONCLUSION

Accordingly, Martin's Motion of Award of Attorney's Fees Pursuant to the Equal Access to Justice Act 28 U.S.C. Section 2412 (ECF 32) and her two supplemental motions (ECF 37, 42) are GRANTED IN PART, reducing the fee award to a reasonable amount.  The Commissioner is ORDERED to pay an EAJA fee award of $23,482.50 to Martin in full satisfaction and settlement of any and all claims for fees, costs, or expenses, owed to Attorney Shull under the EAJA that Martin may have in this matter.  Any fees paid belong to Martin and not her attorney and may be offset to satisfy any pre-existing debt that Martin owes to the United States.  *See Astrue v. Ratliff*, 560 U.S. 586 (2010).  If counsel for the Commissioner can verify that Martin does not owe a pre-existing debt subject to offset, the Commissioner shall DIRECT that the award be made payable to Attorney Shull pursuant to the Federal District Court Fee Agreement dated February 5, 2018, between Martin and Attorney Shull.  (ECF 34-1).

SO ORDERED.

Entered this 15th day of September 2020.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge